OPINION ON REHEARING

IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 111,401

STATE OF KANSAS,
*Appellant*,

v.

GREGORY MICHAEL NECE,
*Appellee.*

SYLLABUS BY THE COURT

In light of *State v. Ryce*¸ 306 Kan. ___, ___ P.3d ___ (No. 111,698, this day decided) (*Ryce II*), which holds that K.S.A. 2016 Supp. 8-1025 is unconstitutional, the informed consent advisory in K.S.A. 2016 Supp. 8-1001(k) inaccurately advises a driving under the influence suspect that he or she might "be charged with a separate crime of refusing to submit to a test to determine the presence of alcohol or drugs, which carries criminal penalties equal to or greater than those for the crime of driving under the influence." Given that inaccuracy, a district court could appropriately hold the suspect's consent to breath-alcohol testing was not freely and voluntarily given under the totality of the circumstances of a given case.

Review of the judgment of the Court of Appeals in an unpublished opinion filed October 10, 2014. Appeal from Saline District Court; RENE S. YOUNG, judge. Original opinion filed 303 Kan. 888, 367 P.3d 1260 (2016). Opinion on rehearing filed June 30, 2017. Judgment of the Court of Appeals reversing the district court is reversed. Judgment of the district court is affirmed.

1

*Natalie A. Chalmers,* assistant solicitor general, argued the cause, and *Derek Schmidt,* attorney general, was with her on the supplemental brief for appellant. *Brock R. Abbey*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, were on the original brief for appellant.

*Michael S. Holland II*, of Holland and Holland, of Russell, argued the cause and was on the briefs for appellee.

The opinion of the court was delivered by

LUCKERT, J.:  Ultimately, this appeal raises the question of whether the State violated the Fourth Amendment to the United States Constitution when it tested a driving under the influence (DUI) suspect's blood alcohol content after the suspect consented to such a search. The suspect, Gregory Michael Nece, contends the evidence found through the breath-alcohol testing must be suppressed because his consent did not meet the Fourth Amendment standard of being freely and voluntarily given. More specifically, he argues the law enforcement officer coerced his consent by advising him, as the law required at that time, that if he refused consent "you may be charged with a separate crime of refusing to submit to a test to determine the presence of alcohol or drugs, which carries criminal penalties equal to or greater than those for the crime of driving under the influence."

In *State v. Ryce*, 303 Kan. 899, 368 P.3d 342 (2016) (*Ryce I*), we discussed K.S.A. 2016 Supp. 8-1025, which provides for the separate crime of refusal to submit that was referenced by law enforcement's advisory warning, and we held that 8-1025 is facially unconstitutional. We then applied *Ryce I* in *State v. Nece*, 303 Kan. 888, 367 P.3d 1260 (2016) (*Nece I*), and concluded the law supported the district court's conclusion, based on the totality of the circumstances in that case, that Nece's consent was unduly coerced

2

because, contrary to the informed consent advisory, the State could not have constitutionally imposed criminal penalties if Nece had refused to submit to breath-alcohol testing. 303 Kan. at 896-97.

After we issued our decisions in *Ryce I* and *Nece I*, the State timely filed a motion seeking to stay the mandate until the United States Supreme Court issued a decision in three consolidated cases addressing a similar issue regarding Minnesota and North Dakota statutes that made it a crime to refuse blood alcohol content testing. We granted that motion and, once the United States Supreme Court issued its decision in *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016), allowed the parties to submit additional briefs and oral arguments.

After considering those additional arguments and the effect of *Birchfield* on *Ryce I* and *Nece I*, we once again in *State v. Ryce*, 306 Kan. ___, ___ P.3d ___ (No. 111,698, this day decided) (*Ryce II*), determine that K.S.A. 2016 Supp. 8-1025 is facially unconstitutional. While *Birchfield* requires some modification of our analysis, nothing in the United States Supreme Court's decision alters the ultimate basis for *Ryce I*: the state law grounds of statutory interpretation of 8-1025 and the statute on which it depends, K.S.A. 2016 Supp. 8-1001. Furthermore, nothing in the *Ryce II* modification of *Ryce I* requires us to modify our decision in *Nece I*, except to update it by referring to *Ryce II*. Finally, nothing in the *Birchfield* decision alters our analysis in *Nece I*. The *Birchfield* Court, noting that "voluntariness of consent to a search must be 'determined from the totality of all the circumstances,'" left it to the North Dakota state court to determine whether a driver's consent to a blood test had been voluntary "given the partial inaccuracy of the officer's advisory." 136 S. Ct. at 2186 (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 227, 93 S. Ct. 2041, 36 L. Ed. 2d 854 [1973]).

3

We, once again, affirm the district court's assessment that Nece's consent was involuntary, under the totality of the circumstances of his case, because it was obtained by means of an inaccurate and coercive advisement. And, once again, because we reach this holding and for the reasons set out in *Nece I*, we need not address the other arguments raised by Nece or the application of the good-faith exception.

We reverse the Court of Appeals and affirm the district court's decision to suppress Nece's breath-alcohol test results, as the testing resulted from an involuntary consent.

Judgment of the Court of Appeals reversing the district court is reversed. Judgment of the district court is affirmed.

ROSEN, J., not participating.
MICHAEL J. MALONE, Senior Judge, assigned.[1]

\* \* \*

STEGALL, J., concurring: For the reasons set forth in my earlier concurrence in *State v. Nece*, 303 Kan. 888, 898, 367 P.3d 1260 (2016), I concur in the result only.

---

[1]**REPORTER'S NOTE:** Senior Judge Malone was appointed to hear case No. 111,401 vice Justice Rosen under the authority vested in the Supreme Court by K.S.A. 20-2616.